UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SMITH-DICKERSON, <br> Plaintiff, <br> v. <br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC.,, <br> Defendant. | Case No. 18-cv-00189-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** <br><br> Docket No. 16 |

Plaintiff Jennifer Smith-Dickerson first purchased an automobile insurance policy from a State Farm entity[1] back in 1997. She continued to have a policy with that State Farm entity when, in December 2016, her car was stolen. Ms. Smith-Dickerson submitted a claim to the State Farm entity but, according to Ms. Smith-Dickerson, the entity failed to comply with the policy. Ms. Smith-Dickerson thus filed suit in state court, asserting the following claims for relief: (1) declaratory relief; (2) breach of contract; and (3) breach of the covenant of good faith and fair dealing. The case was subsequently removed to federal court on the basis of diversity jurisdiction. Currently pending before the Court is Ms. Smith-Dickerson's motion to remand.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** the motion to remand.

### I.     FACTUAL & PROCEDURAL BACKGROUND

As indicated in note 1, *supra*, Ms. Smith-Dickerson named State Farm Mutual as the

---

[1] Ms. Smith-Dickerson has named State Farm Mutual Automobile Insurance Company, Inc. ("State Farm Mutual") as the defendant. According to State Farm Fire and Casualty Company ("State Farm Fire") – a wholly owned subsidiary of State Farm Mutual, *see* Stapleton Decl. ¶ 3 – that was an error. State Farm Fire maintains that it was the State Farm entity that issued the insurance policy at issue. Ms. Smith-Dickerson does not challenge this assertion.

defendant in this case. However, the evidence indicates that the State Farm entity that issued the insurance policy at issue was State Farm Fire, and not State Farm Mutual. *See* Collier Decl. ¶ 4. Ms. Smith-Dickerson has not offered any evidence to the contrary.

Ms. Smith-Dickerson submitted a claim under her insurance policy because, as alleged in the complaint, shortly after she purchased a new car in or about December 2016, it was stolen. *See* Compl. ¶¶ 11-12. Thereafter, the car was recovered but it was significantly damaged. *See* Compl. ¶ 13. State Farm Fire approved a body shop to retrieve the car so that it could be repaired. *See* Compl. ¶ 14. According to State Farm Fire, it later determined that the car was a total loss – *i.e.*, "if the loss were covered, State Farm [Fire] would pay the [car's] actual cash value, and not the cost to repair it." Ponder Decl. ¶ 7.

In her complaint, Ms. Smith-Dickerson indicates that, in or about April 2017, the body shop issued a notice of lien sale for storage costs for the car. Thereafter, State Farm paid the body shop approximately $16,500 and took possession of the car. *See* Compl. ¶ 18.

According to State Farm Fire, during its investigation of the claim, it asked Ms. Smith-Dickerson to attend an examination under oath and to produce bank records to reflect the purchase of the car. However, Ms. Smith-Dickerson refused to attend such an examination and refused to produce bank records. "Because of [her] failure to cooperate in the investigation, State Farm Fire did not pay the claim." Collier Decl. ¶ 3.[2]

According to Ms. Smith-Dickerson, in October 2017, she informed State Farm that she would be proceeding with a lawsuit. Five days later, State Farm Fire suspended the policy that she had had with State Farm for more than twenty years. *See* Compl. ¶¶ 22-23.

In her complaint, Ms. Smith-Dickerson asserts three causes of action: (1) declaratory relief (*e.g.*, that the car was covered by the policy and that State Farm Fire breached the policy); (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. For the

---

[2] As part of her reply, Ms. Smith-Dickerson objects to ¶ 3 of the Collier declaration on the grounds of hearsay, lack of personal knowledge, relevance, lack of foundation, and argumentative. *See* Pl.'s Obj. Nos. 7-9. The objections are moot in that the Court does not rely on that paragraph in resolving the merits of the pending motion. Furthermore, the bottom line is Ms. Smith-Dickerson agrees that she filed a claim and that State Farm Fire did not pay it.

1 contract and bad faith claims, Ms. Smith-Dickerson seeks compensatory damages, including the
2 cost to replace or repair the car and attorney's fees. For the bad faith claim, Ms. Smith-Dickerson
3 also seeks emotional distress damages as part of her compensatory damages as well as punitive
4 damages.

## II. DISCUSSION

### A. Legal Standard

Title 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, as a general matter, a defendant may remove a state action to federal court if there is either federal question or diversity jurisdiction over the case.

In the instant case, State Farm Fire removed the case from state to federal court based on diversity jurisdiction. In the pending motion to remand, Ms. Smith-Dickerson argues that removal was improper for two reasons: (1) State Farm Fire is a citizen of California and therefore may not remove under 28 U.S.C. § 1441(b)(2) (providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"), and (2) the amount-in-controversy requirement has not been satisfied.

### B. Citizenship of State Farm

The parties initially disputed the citizenship of State Farm Fire and/or State Farm Mutual. According to Ms. Smith-Dickerson, although the relevant State Farm entity is a citizen of Illinois, where it has its principal place of business, the State Farm entity is also a citizen of California having "been incorporated in [the state] since 1928." Mot. at 5. State Farm Fire disagrees, asserting that both its and State Farm Mutual's state of incorporation and principal place of business is Illinois. *See* Not. ¶ 11.

State Farm Fire has provided evidence that its state of incorporation and principal place of

3

business is Illinois. *See* Stapleton Decl. ¶¶ 4-7. It has done the same for State Farm Mutual. *See* Stapleton Decl. ¶ 9-12. State Farm Fire has also provided evidence that it is not incorporated in California. *See* Stapleton Decl. ¶¶ 8, 13.

Ms. Smith-Dickerson's evidence is not to the contrary. For example, Exhibit 2 attached to the Williams declaration simply reflects that State Farm Mutual is registered with California as a *foreign* corporation. *See* Cal. Corp. Code § 167 (defining "domestic corporation" as "a corporation formed under the laws of this state"); *id.* § 171 (defining "foreign corporation" as "any corporation other than a domestic corporation").

Accordingly, the Court concludes that State Farm Fire (as well as State Farm Mutual) is not a citizen of California, and, as such, there is no § 1441(b)(2) bar to removal.

C. <u>Amount in Controversy</u>

Because there is no § 1441(b)(2) bar, the only issue remaining is whether the amount in controversy has been met. In her complaint, Ms. Smith-Dickerson did not allege any specific dollar amount regarding her damages. Under Ninth Circuit precedent, "[w]here . . . 'it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled,' the 'removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Urbino v. Orkin Services of Cal.*, 726 F.3d 1118, 1121 (9th Cir. 2013); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (indicating that, where the amount in controversy is in doubt, there is a strong presumption in a removal case that the plaintiff has not claimed a large enough amount to confer jurisdiction on a federal court).

In the instant case, Ms. Smith-Dickerson's complaint reflects that the amount in controversy includes both compensatory damages – in particular, (a) the cost of replacing or repairing her car and (b) attorney's fees incurred to obtain the policy benefits – and punitive damages. Taking into account these elements, the Court finds it more likely than not that the $75,000 jurisdictional threshold has been exceeded.

As an initial matter, the Court takes into account the allegation in Ms. Smith-Dickerson's complaint that the car was "significantly damaged." Compl. ¶ 13. Given this allegation, it is

4

plausible that repair would not be an option such that State Farm Fire would have to pay for the total loss of the car, as required by the policy.[3] There is evidence that Ms. Smith-Dickerson claimed to have paid $45,000 for the car. *See* Ponder Decl. ¶ 7; Collier Decl. ¶ 2. Thus, compensatory damages with respect to the car could be as much as $45,000.

In addition to the cost of replacing the car, Ms. Smith-Dickerson seeks attorney's fees incurred to obtain policy benefits. Under both California and Arkansas law,[4] such attorney's fees may be recovered as compensatory damages. *See Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985) (stating that, "'when the insurer's conduct is unreasonable, a plaintiff is allowed to recover for all detriment proximately resulting from the insurer's bad faith, which detriment . . . includes those attorney's fees that were incurred to obtain the policy benefits and that would not have been incurred but for the insurer's tortious conduct'"); Ark. Code Ann. § 23-79-208(a)(1) (providing that, "[i]n all cases in which loss occurs and the . . . insurance company . . . fail[s] to pay the losses within the time specified in the policy after demand is made, the [company] shall be liable to pay the holder of the policy . . . in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss").

In the instant case, State Farm Fire estimates that "it is more likely than not that plaintiff's attorney will bill at least $20,000 to $30,000 in *Brandt* fees" because hourly rates for bad faith lawsuits are at $200 to $300 "on the lower end of the range" and "it will require far more than 100

---

[3] According to State Farm Fire, it actually determined that the car was a total loss, *see* Ponder Decl. ¶ 7, which means that repair would not be an option. Ms. Smith-Dickerson protests that State Farm Fire failed to "provide[] an itemization of the damages and the approximate cost of repair," Reply at 2, and that "[t]he declaration from [Mr.] Ponder fails to establish his qualifications in determining loss," Reply at 4, but that is largely quibbling given her admission in her complaint that the car was "significantly damaged." Compl. ¶ 13.

[4] State Farm Fire takes the position that "Arkansas law governs the breach of policy and insurance bad faith claims," Opp'n at 7, possibly because Ms. Smith-Dickerson obtained the policy while she was living in Arkansas. *See also* Ponder Decl. ¶ 4 (stating that, during investigation of claim, Ms. Smith-Dickerson was interviewed and, during the interview, she stated that she had lived at a certain address in El Dorado, Arkansas, since 2006). Given the analysis herein, whether Arkansas or California law applies is inconsequential to the instant motion.

5

hours of billable time for an attorney to take this case through a motion for summary judgment."[5] Collier Decl. ¶¶ 7-8 (noting that litigation on the plaintiff's side will cover initial disclosures, a case management conference, propounding and responding to written discovery, reviewing documents produced by State Farm Fire, participating in ADR, defending the plaintiff's deposition, taking depositions of defense witnesses, attending third-party depositions, and opposing a motion for summary judgment).[6] State Farm Fire has not provided specific analysis of attorney time likely to be incurred by task. *Cf. Gaasterland v. Ameriprise Fin. Servs.*, No. 16-CV-03367-LHK, 2016 U.S. Dist. LEXIS 126648, at *28 (N.D. Cal. Sep. 15, 2016) (stating that, "even in those cases where courts have considered future attorney's fees in determining the amount in controversy, these courts have required defendants to provide a reasonably specific showing as to why a certain fee award is appropriate"). Nonetheless, it is likely that fees of $10,000 to $20,000 would be reasonable in a case such as this.

As to punitive damages, the Court considers whether there are allegations in the complaint that would reasonably support a claim of oppression, fraud, or malice, not just "a standard denial of an insurance claim" under the contract. *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 U.S. Dist. LEXIS 141311, at *9 (N.D. Cal. Oct. 15, 2015) (in reviewing an IFP litigant's complaint under 28 U.S.C. § 1915, noting that "the FAC does not include allegations from which the Court draws the reasonable inference that Plaintiffs have engaged in oppression, fraud, or malice – rather than a standard denial of an insurance claim due to a contractual exclusion"; but ultimately concluding that "attorneys' fees and a punitive damages award could make up the nearly $25,000 gap between the value of the car and civil penalties and the $75,000 threshold

---

[5] In *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002), this Court declined to follow those courts holding that the only attorney's fees that should be considered are those incurred as of the date of the filing of the complaint or the date of the filing of the notice of removal. Instead, the Court held that, "[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred *to resolution* is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Id.* at 1011 (emphasis added).

[6] In her reply, Ms. Smith-Dickerson argues that Mr. Collier "fails to mention if he is qualified as an expert on attorney fees." Reply at 4. As above, this is largely quibbling. Mr. Collier's Bar number reflects that he has at least ten years of experience and therefore he is qualified to opine about what would take place in a lawsuit.

6

amount in controversy"). Here, Ms. Smith-Dickerson has alleged that State Farm Fire, *inter alia*, "misrepresent[ed] the cause of the damages [to the car] to avoid providing covered claims under the policy," "advis[ed] [her] not to obtain the services of an attorney," and "suspend[ed] coverage in retaliation for [Ms. Smith-Dickerson] asserting her legal rights." Compl. ¶ 36. Thus, Ms. Smith-Dickerson has alleged more than just a standard denial of a claim pursuant to the insurance policy; there is a reasonable basis for punitive damages.

Taking into account both attorney's fees and punitive damages, the Court finds that such damages "could make up the nearly [$30,000] gap between the value of the car . . . and the $75,000 threshold amount in controversy." *Moss*, 2015 U.S. Dist. LEXIS 141311, at *9. The Court thus finds that State Farm Fire has met its burden of proving, by a preponderance of evidence, that the amount in controversy has been met.

### III. CONCLUSION

Ms. Smith-Dickerson's motion to remand is denied.

This order disposes of Docket No. 16.

**IT IS SO ORDERED**.

Dated: May 14, 2018

_____
EDWARD M. CHEN
United States District Judge