Chaune Williams, (SBN 243536)
Attorney at Law
1300 Clay Street, Suite 600
Oakland, CA 94612
Phone: (510) 596-1777
Fax: (510) 596-1778


Attorney for Plaintiff
JENNIFER SMITH-DICKERSON


# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SMITH-DICKERSON, | Case No.: 3:18-cv-00189-EMC |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULE 41** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., a California Corporation; and DOES 1 to 10, | Date:   August 16, 2018<br>Time:  1:30 p.m.<br>Location:  450 Golden Gate, Courtroom 5<br>                San Francisco, California |
| Defendants. | |
| | Action Removed: January 9, 2018<br>Trial Date:    Not yet set |

TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., ("Defendant") AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE, hereby given, that on the **16th** day of **August, 2018**, at the hour of **1:30 p.m.**, or as soon thereafter as the matter may be heard in **Courtroom 5** of the above-entitled court, Plaintiff JENNIFER SMITH-DICKERSON, an individual, ("Plaintiff") will move, and hereby does, move this Court for an order dismissing, *without prejudice*, all counts of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure, Rule 41(a)(2), subject to each party being ordered to bear its own fees and costs.

This motion will be based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Chauné Williams, and all the papers, files, and records on file herewith, and upon such oral and documentary evidence as may be presented by Plaintiff upon the hearing of this motion.

Date:   June 28 , 2018

_____
Chauné Williams, Esq.
Attorney for Plaintiff
Jennifer Smith-Dickerson

PLAINTIFF'S MEMORANDUM ISO MOTION TO DISMISS COMPLAINT

1

## INTRODUCTION

2    This case arises from a breach of contract between an insured, JENNIFER SMITH-

3    DICKERSON ("Plaintiff or "Ms. Smith-Dickerson") and her insurance company, STATE FARM

4    FIRE and CASUALTY COMPANY, erroneously sued as STATE FARM MUTUAL

5    AUTOMOBILE INSURANCE COMPANY ("Defendant") based on allegations that the insurance

6    company refused, in bad faith, to pay a claim filed by Plaintiff. The crux of the dispute turns on

7    whether the insured was the true owner of a 2016 Dodge Challenger, VIN: 2C3CDZFJ4GH184956,

8    (hereinafter "Vehicle") which Plaintiff contends was covered by her "State Farm" insurance policy. It

9    is Defendant's contention that Plaintiff was not the true owner of the Vehicle at the time of her

10   claimed loss and thus for this and other reasons, Defendant rejected Plaintiff's claim. Although this

11   Court determined removal to federal court was proper based on diversity jurisdiction, Plaintiff seeks

12   to dismiss this action in order to pursue not only the claims alleged in her Complaint against

13   Defendant State Farm, but also to seek claims against the former owner of the Vehicle in state court.

14   Plaintiff is precluded from joining the previous owner as this would destroy diversity jurisdiction of

15   this Court and thus provides the basis for Plaintiff's motion to dismiss.

16

## STATEMENT OF FACTS AND CASE

17   According to Plaintiff, on or about December 19, 2016, she purchased the Vehicle from its

18   previous owner and shortly thereafter the Vehicle was stolen. (Williams Decl. ¶ 3). Plaintiff

19   ultimately filed a claim with Defendant as she had a current and enforceable automobile insurance

20   policy in which she believed coverage for the theft was available. *Id.*

21   Defendant allegedly denied Plaintiff's claim for several reasons, including but not limited to:

22   (1) disbelief that Plaintiff purchased the Vehicle prior to the theft and (2) Plaintiff failed to fully

23   cooperate with Defendant's investigation of the claim. (Williams Decl. ¶ 4). After being unable to

24   resolve the matter; Plaintiff filed a complaint in the San Francisco County Superior Court on October

25   20, 2017 alleging causes of action against Defendant for: (1) Declaratory Relief; (2) Breach of

26   Contract; and (3) Breach of the Covenant of Good Faith and Fair Dealing. *Id.* Defendants

27   successfully removed the case to this District Court on January 9, 2018 based on diversity

28   jurisdiction. *Id.*

This case is not in an advanced stage as discovery has yet to begin in this case. (Williams Decl. ¶ 8). Plaintiff has not been requested to sit for a deposition nor has she requested any witness in this case be deposed at this time. *Id*. Plaintiff has yet to propound any interrogatories, production request or request for admissions on the Defendant. *Id*. Plaintiff has yet to submit her initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26. *Id*. No trial date has been set in this matter. *Id*.

<u>**ARGUMENT**</u>

**1.     Legal Principles re Motions to Dismiss**

Rule 41 states in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice. USCS Fed Rules Civ Proc R 41(a)(2). Once a defendant has filed an answer or motion for summary judgment, a plaintiff cannot dismiss without leave of court. *Mayes v. Fujimoto*, 181 F.R.D. 453, 455 (D. Haw. 1998).

Rule 41(a)(2) motions, should be liberally granted provided that no party will suffer legal prejudice. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). The court, therefore, must determine whether a party will suffer legal prejudice as a result of the dismissal. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). Legal prejudice "is just that - prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Ninth Circuit, in *Westlands*, stated several examples of what it considered to be legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d at 97. It specifically identified loss of a federal forum, the right to a jury trial, and a statute of limitations defense. *Id*. "Uncertainty because a dispute remains unresolved," however, "is not legal prejudice." *Id*. The Ninth Circuit also considered if the expense incurred in litigating a case would be legal prejudice and held that it was not. *Id*. Legal prejudice exists "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989). Plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced

1  stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of
2  defense. *Id*.

3  **2.    Leave of the Court is Required**

4       Since the Defendant has filed an answer to Plaintiff's Complaint, leave of the court is required
5  for dismissal. The court's discretion should be liberally applied to Plaintiff's request as stated in
6  *Stevedoring Services of America* unless the Defendant can show actual legal prejudice because of the
7  dismissal. As discussed below, the Defendant cannot meet this burden.

8  **3.    Defendant Will Not Be Prejudiced by Dismissal**

9       Legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit
10 or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*,
11 679 F.2d 143, 145 (9th Cir. 1982). Furthermore, the burden of having to defend against state law
12 claims in state court is not legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001)
13 (holding "the need to defend against state law claims in state court is not 'plain legal prejudice'
14 arising from voluntary dismissal of the federal claims in the district court").

15      Defendant will not suffer legal prejudice should this Court grant Plaintiff's motion to dismiss.
16 Formal discovery has yet to begin in this case. No depositions have been taken or scheduled. No
17 production requests have been made by either party. No interrogatories or request for admissions
18 have been served by either party. The case has not even been set for trial. The Defendant cannot
19 reasonably argue that they will "suffer prejudice to some legal interest, some legal claim, or some
20 legal argument." The legal theories of which the Defendant's defense to Plaintiff's claims relies upon
21 remain uncompromised by a dismissal. Moreover, Defendant cannot argue that this case has reached
22 an "advanced stage" to the point where Defendant's time and resources in preparing a defense have
23 been wasted. In actuality, Defendant will have the same rights to a jury trial and expansive discovery
24 rights in a California state court forum.

25      Surely Defendant would prefer to litigate this matter in federal court. However, Defendant's
26 choice of forum does not trump Plaintiff's right to a voluntary dismissal absent plain legal prejudice
27 to the Defendant. As illustrated in *Smith v. Lenches*, plain legal prejudice simply cannot be found on
28 matters related to choice of forum or any tactical advantage Plaintiff may enjoy in state court.

1   Plaintiff has a valid reason for choosing to pursue this matter in state court – seeking breach of

2   contract claims and declaratory relief against the previous owner of the Vehicle. Plaintiff cannot do

3   so and desires not to do so in this forum. Additionally, Plaintiff is located out of state and needs more

4   time to find new counsel.

5                                              **CONCLUSION**

6          Plaintiff requests that the Court grant its motion to dismiss pursuant to Federal Rule of Civil

7   Procedure Rule 41(a)(2) as none of the parties will suffer legal prejudice should the Court grant the

8   motion.

9

10  Date:   June 28 , 2018          _____

11                                  Chauné Williams, Esq.
                                    Attorney for Plaintiff
12                                  Jennifer Smith-Dickerson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**Certificate of Service:**</u>

2

       I, Chauné Williams, declare as follows:

3

1.       That I am over eighteen (18) years of age; not a party to the within cause; and my mailing

4

       address is: **1300 Clay Street, Suite 600, Oakland, California 94612.**

5

2.       That on the 28nd day of June, 2018, I served a true copy of the following:

6

7

3.       The above documents were served by:

8

       __X__       E-Service.

9

4.       The above documents were served upon:

10

Attn: **Andrew Phillip Collier, Esq. and
Sandra E. Stone, Esq.**

11

Pacific Law Partners, LLP
2000 Powell Street

12

Suite 950
Emeryville, CA 94608

13

Fax: 510-841-7776

14

Email: acollier@plawp.com
Email: sstpme@plawp.com

15

16

       I declare under penalty of perjury under the State of California that the foregoing is true and

17

correct and that this declaration was executed on the 28nd day of June 2018.

18

19

20

_____

21

Declarant Signature

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM ISO MOTION TO DISMISS COMPLAINT