UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SMITH-DICKERSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC.,<br><br>Defendant. | Case No. 18-cv-00189-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41**<br><br>Docket No. 29 |

Plaintiff Jennifer Smith-Dickerson initiated this case in state court. After Defendant State Farm Fire and Casualty Company removed the case to federal court on the basis of diversity jurisdiction, Ms. Smith-Dickerson moved for a remand back to state court. This Court denied the motion to remand. Now pending before the Court is Ms. Smith-Dickerson's motion to dismiss pursuant to Federal Rule of Civil Procedure 41. According to Ms. Smith-Dickerson, she "seeks to dismiss this action in order to pursue not only the claims alleged in her Complaint against Defendant State Farm, but also to seek claims against the former owner of the Vehicle in state court for breach of contract and declaratory relief" – but she cannot "join[] the previous owner [in the instant case] as this would destroy diversity jurisdiction of this Court," and therefore she is moving to dismiss so as to bring all claims in state court. Williams Decl. ¶¶ 6-7.

Under Federal Rule of Civil Procedure 41(a)(2), Ms. Smith-Dickerson may dismiss her suit only with approval of the Court because State Farm has already answered her complaint. *See* Fed. R. Civ. P. 41(a)(2) (providing that, "[e]xcept as provided in Rule 41(a)(1) [*e.g.*, allowing for a voluntary dismissal by the plaintiff without a court order prior to the opposing party serving an answer], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper").

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976. "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.*; *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (stating that "[p]lain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage"); *Am. Nat'l Bank & Tr. Co. v. Bic Corp.*, 931 F.2d 1411, 1413 (10th Cir. 1991) (stating that "Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action" and so " it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court").

In the instant case, State Farm does not expressly claim any legal prejudice if the Court were to dismiss pursuant to Rule 41(a)(2). State Farm's only argument is that, as a matter of "fairness," Ms. Smith-Dickerson should "be required to pay a portion of [its] costs and fees as a condition of dismissal without prejudice." Opp'n at 2. Rule 41(a)(2) does provide that a court may dismiss "on terms that [it] considers proper." Fed. R. Civ. P. 41(a)(2). And it is not uncommon for a dismissal without prejudice to be conditioned on the plaintiff's payment of the defendant's costs of litigation. *See generally* 8 Moore's Fed. Prac. – Civ. § 41.40[10][d][i]. *But see Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (noting that "[i]mposition of costs and fees as a condition for dismissal without prejudice is not mandatory").

"The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). The Ninth Circuit has expressly held that "a defendant is entitled only to recover, as a condition of dismissal under [Rule] 41(a)(2), attorneys['] fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). Avoidable costs, of course, should not be awarded. *See*

*Westlands*, 100 F.3d at 97-98.

In the instant case, State Farm has asked to be awarded $7,100 in litigation costs. *See* Collier Decl. ¶ 18. However, the Court finds that the majority of the work identified by State Farm is work that will or will more than likely be useful in continuing litigation between the parties. For example, State Farm has asked to be awarded the fees its attorneys incurred in working on initial disclosures, but the initial disclosures will clearly still have significance in the new state court lawsuit that Ms. Smith-Dickerson is contemplating. As another example, State Farm has asked to be awarded the fees its attorneys incurred in drafting an answer to the complaint. This work will more than likely be useful in the state court lawsuit being contemplated by Ms. Smith-Dickerson. Although State Farm probably cannot re-file the same exact answer in state court, it is more than likely that the answer that it filed in this case will be the template for the answer that will be filed in state court, with some modifications as necessary. And as yet another example, the time that State Farm's attorneys spent on the Rule 26(f) conference will not be rendered useless upon a dismissal of the instant case because the purpose of the conference was to discuss how the case would be litigated. Although the instant case will no longer be litigated upon a dismissal, the parties' discussion should still largely be applicable for purposes of the state court proceedings. A similar analysis applies to the time that State Farm's attorneys spent on the case management conference statement.

Other litigation costs shall not be awarded because they are excessive or avoidable. For example, State Farm's attorney claims to have spent close to four hours to arrange a Rule 26(f) conference. The Court acknowledges State Farm's position that the number of hours is simply a reflection of Ms. Smith-Dickerson's failure to be responsive; nevertheless, the hours are excessive, particularly in light of the fact that Ms. Smith-Dickerson had filed a motion to remand. Also, State Farm seeks to charge Ms. Smith-Dickerson with the appearance fee it incurred upon removal to this Court. However, the decision to remove was made by State Farm and thus Ms. Smith-Dickerson should not be required to bear that cost.

The only litigation cost for which payment – in part – is a fair condition of dismissal is the appearance fee that State Farm incurred for appearing before the state court prior to the removal of

3

the instant case to federal court.

Requiring Ms. Smith-Dickerson to pay a part of this fee is fair because, when she files her new lawsuit in state court, then State Farm will be forced to pay another appearance fee. It is not reasonable for State Farm to pay two appearance fees in their entirety when Ms. Smith-Dickerson is effectively bringing only one lawsuit. On the other hand, requiring Ms. Smith-Dickerson to pay the full fee is not fair either. If State Farm had not removed the instant case, then Ms. Smith-Dickerson could have added the former owner of the car to the existing case and State Farm would not have to incur an appearance fee in a second case. To be clear, the Court is not punishing State Farm for exercising its removal rights; it is simply holding that Ms. Smith-Dickerson cannot be held fully to blame for the accrual of two appearance fees. The Court also notes that there is nothing to suggest that Ms. Smith-Dickerson's failure to name the former owner of the car at the outset of litigation was done in bad faith.

Accordingly, the Court hereby **GRANTS** Ms. Smith-Dickerson's motion to dismiss her case, but dismissal is conditioned on her payment to State Farm of $225 (*i.e.*, half the cost of the state court appearance fee). *See* Collier Decl. ¶ 18. Payment shall be made within one week of the date of this order and, within two weeks of the date of this order, the parties shall file a joint stipulation of dismissal. The hearing on the motion to dismiss is **VACATED**.

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: August 6, 2018

_____
EDWARD M. CHEN
United States District Judge

4